IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| AYAZ QURESHI, | * | Criminal No. RDB-22-0330 |
| Defendant. | * | |

\* * * * * * * * * * * * *

**MEMORANDUM**

On September 19, 2022, Defendant Ayaz Qureshi was charged in a one count Criminal Information with Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349. (ECF No. 1.) He pled guilty on October 14, 2022. (ECF No. 7.) Sentencing was scheduled for February 2, 2023 but was twice postponed at the joint request of the parties. (ECF Nos. 10, 14, 15.) On August 29, 2023, Qureshi, through newly retained counsel, moved to withdraw his plea of guilty pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. (ECF No. 20.) The parties' submissions have been reviewed, and the Court conducted an motions hearing on November 29, 2023. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth on the record and now more fully set below, Qureshi's Motion to Withdraw Guilty Plea (ECF No. 20) was GRANTED on November 29, 2023.

**BACKGROUND**

The facts of the underlying criminal case remain in dispute and a jury trial will be scheduled. In brief, according to the single count Information, Qureshi allegedly conspired with a financial services business operator to submit a Paycheck Protection Program ("PPP") loan application on March 14, 2021 to a financial services institution on behalf of Yazee, Inc.,

1

of which Qureshi was the President. (*Id.* ¶ 2–5, 12–13.) The PPP loan application was allegedly signed by Qureshi on March 21, 2021. (*Id.* ¶ 15.) On March 22, 2021, approximately $250,723.00 was distributed by the financial services institution into Yazee's bank account through PPP loan. (*Id.* ¶ 20.) Qureshi thereafter allegedly distributed approximately 30 percent of the funded loan amount, i.e. $75,000.00, to his alleged co-conspirator as a kickback payment. (*Id.* ¶ 21–22.) The majority of the remaining funds were thereafter allegedly distributed to Qureshi, his wife, and other alleged associates that purported to be employees of Yazee. (*Id.* ¶ 25–26.) It was agreed by Government counsel at the hearing of November 29, 2023 that this was the totality of the alleged criminal activity.

On September 19, 2022, Defendant Ayaz Qureshi was charged with a single count Information for Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349. (ECF No. 1.) On October 14, 2022, at his arraignment that lasted nearly two hours and during which the Court read the Information to the Defendant verbatim, Qureshi pled guilty. (ECF No. 7.) Sentencing was scheduled for February 2, 2023 but was twice postponed at the request of the parties. (ECF Nos. 10, 14, 15.)

On August 29, 2023, Qureshi, through newly retained counsel, filed the instant Motion to Withdraw Guilty Plea. (ECF No. 20.) In his Motion, Qureshi argues that he did not possess the cognitive functioning to comprehend the nature of the conspiracy charge nor the plea agreement, that he required the assistance of an interpreter in Court, that his former counsel provided ineffective assistance, and that he is innocent of the charge of conspiracy. (*Id.*.) In its Response, the Government contends that Qureshi's plea was knowing and voluntary, that he has not credibly asserted his legal innocence, that there was a delay of more than ten months

between his guilty plea and his motion to withdraw, that he had the close assistance of counsel, and that his claims as to his purported disability are meritless. (ECF No. 25.) The Court conducted a motions hearing on November 29, 2023, and testimony was presented by Mr. Qureshi and Michael Mintz, a psychologist. (ECF No. 31.)

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 11(d), "[t]here is no absolute right to withdraw a guilty plea . . . ." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citations omitted). Rather, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason is one that 'essentially challenges' the fairness of a proceeding under Fed. R. Crim. P. 11." *Ubakanma*, 215 F.3d at 424 (quoting *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995)). "Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (quoting *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003)). A properly conducted Rule 11 guilty plea colloquy "raises a strong presumption that the plea is final and binding." *Nicholson*, 676 F.3d at 384 (quoting *Bowman*, 348 F.3d at 414). The decision whether to grant a motion for the withdrawal of a guilty plea is committed to the District Court's discretion. *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993).

## ANALYSIS

The United States Court of Appeals for the Fourth Circuit considers six circumstantial factors when determining whether a defendant has shown a fair and just reason for requesting

withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). "[T]he first, second and fourth *Moore* factors 'speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations' by withdrawing a guilty plea." *United States v. Amador*, 214 F. App'x 303, 305 (4th Cir. 2007) (quoting *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995)).

As to the first factor, the Court made a factual finding at the November 29, 2023 motions hearing that the Defendant's guilty plea was not made knowingly and voluntarily given the Defendant's inability to fully comprehend what was being said to him during the arraignment hearing due to its length and complexity. (ECF No. 31.) The Court made no finding as to the second factor of legal innocence. (*Id.*) Regarding the third factor, the Court found that although there were was a time gap between the entry of the guilty plea and the filing of Defendant's motion to withdraw from the plea agreement, the delay was not entirely Defendant's fault as sentencing had been rescheduled twice at the request of both parties. (*Id.*) As to the fourth factor, the Court found that there was not a sufficient connection between Defendant and his prior counsel of record, Thomas Maronick, because Defendant lacked counsel's close assistance in understanding the charges and plea agreement. (*Id.*) However, the Court specifically found that there was no basis to contend alleged ineffective assistance of

4

counsel. Regarding the fifth factor, the Court found that granting Defendant's motion would not be unduly prejudicial to the Government. (*Id.*) As to the sixth factor, the Court found that granting the Defendant's motion would not waste judicial resources. (*Id.*)

In sum, the Court's findings led to the conclusion that Defendant had a fair and just reason to withdraw his plea of guilty because he did not fully understand the nature of the conspiracy charge against him. Accordingly, for the reasons set forth on the record and above, Defendant's Motion to Withdraw Guilty Plea (ECF No. 20) was GRANTED.

Secondarily, as the Government has aptly noted, pursuant to paragraph 18 of the plea agreement, Defendant agreed that he would not move to withdraw from the plea of guilty from this agreement. (ECF No. 25-1 ¶ 18.) The plea agreement further provided that the Government may oppose a two-level adjustment under U.S.S.G. § 3E1.1(a) and decline to make a motion under U.S.S.G. § 3E1.1(b) if Defendant attempts to withdraw his guilty plea. (*Id.* ¶ 6(c).) At the November 29, 2023 motions hearing, counsel for Defendant noted that Defendant's motion to withdraw his plea of guilty consistuted a breach of the plea agreement. Accordingly, the Government is relieved of its obligations under the agreement as specified above. (ECF No. 25 at 22–24.)

## CONCLUSION

For the reasons stated on the record and above, Defendant Ayaz Qureshi's Motion to Withdraw Guilty Plea (ECF No. 20) was GRANTED.

A separate Order (ECF No. 35) was issued on November 29, 2023.


Dated: November 30, 2023                           /s/
                                              Richard D. Bennett
                                              United States Senior District Judge